UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **RALPH NADER, et al.,** : | |
| **Plaintiffs** : | |
| v. : | Case No. 1:07 cv 1101 (JCC/TCB) |
| **THE DEMOCRATIC NATIONAL COMMITTEE, et al.,** : | |
| **Defendants.** : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT**

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On October 31, 2007, Plaintiffs filed a Complaint in this Court against Defendants, alleging state law claims for conspiracy, abuse of process, malicious prosecution and claims arising under 42 U.S.C. § 1983. On November 1, 2007, prior to service of process upon any party, Plaintiffs filed an Amended Complaint.

On December 16, 2007, an ongoing investigation by the attorney general of the state of Pennsylvania revealed that employees of the state of Pennsylvania may have unlawfully received taxpayer-funded compensation for participating in political activity, including a "Nader effort," which the employees referred to in email and other documents. *See* Dennis B. Roddy and Tracie Mauriello, *E-mails Show How Dems Tied Staffers' Bonuses to Campaign Work*, PITTSBURGH POST-GAZETTE (Dec. 16, 2007). This "Nader effort," reportedly, was "a Democratic project to challenge the ballot petitions of

the independent presidential candidate, who they feared would peel away votes from Democratic nominee Sen. John F. Kerry." *Id.* Pennsylvania State House Democratic leaders spearheaded this project, reportedly working in concert with the law firm Reed Smith, LLP, which the Democratic National Committee (DNC) had retained for "political consulting" and "legal consulting" services during the 2004 general election. *See* Tom Barnes, *Nader Petition Challenged to Keep Him Off Pennsylvania Ballot*, PITTSBURGH POST-GAZETTE, Aug. 10, 2004 (reporting that state Democratic officials provided Reed Smith with "volunteers" and financial support for the effort); CENTER FOR RESPONSIVE POLITICS, *Democratic National Committee 2004 Expenditures*, *available at* http://opensecrets.org/parties/expend.asp?Cmte=DPC&cycle=2004 (citing Federal Election Commission data indicating $136,142 in payments to Reed Smith in September and October 2004).

On January 28, 2008, Plaintiffs, through counsel, sought Defendants' consent to amend their complaint in order to add parties defendant who participated in or may be connected to the "Nader effort" in Pennsylvania, including Reed Smith, LLP, the DNC, Kerry-Edwards 2004, Inc. and John Kerry. On January 29, 2008, Defendants declined to consent. Plaintiffs also seek to amend their complaint to dismiss their state law claims.

**ARGUMENT**

Plaintiffs seek leave to amend their complaint, pursuant to Fed. R. Civ. P. 15, to add new parties defendant with respect to their federal claims and to dismiss their state law claims. Plaintiffs have notified Defendants of their intention through counsel, and Defendants indicated that they would not file an answer or motion, pursuant to Fed. R. Civ. P. 12, to Plaintiffs' Amended Complaint on January 31, 2007. Accordingly, because

2

leave to amend complaints is "freely given when justice so requires," and because Defendants will not be prejudiced thereby, leave to amend Plaintiffs' complaint should be granted. Fed. R. Civ. P. 15(a).

**I.      Amendment of Plaintiffs' Complaint Is Warranted to Add New Parties Defendant Based on New Information and to Dismiss Plaintiffs' State Law Claims.**

After Plaintiffs filed their Amended Complaint on November 1, 2007, an ongoing investigation by the attorney general of the state of Pennsylvania revealed that employees of the state of Pennsylvania may have received taxpayer-funded compensation for their efforts to remove Plaintiffs Ralph Nader and Peter Miguel Camejo from Pennsylvania's ballot. *See* Roddy and Mauriello, *E-mails Show How Dems Tied Staffers' Bonuses to Campaign Work*, PITTSBURGH POST-GAZETTE (Dec. 16, 2007). These allegations directly support Plaintiffs' claims arising under 42 U.S.C. § 1983, because they indicate that the parties involved in the effort to remove Mr. Nader and Mr. Camejo from Pennsylvania's ballot were acting in concert with employees of the state of Pennsylvania. *See Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993) (stating grounds for holding private parties who act in concert with state actors liable under 42 U.S.C. § 1983). Plaintiffs therefore seek to amend their complaint to add as defendants parties that directly participated in or may be connected to the "Nader effort" in Pennsylvania, including Reed Smith, the DNC, Kerry-Edwards 2004, Inc. and John Kerry. These parties can be deemed to be state actors for purposes of the statute by virtue of their concerted action with state employees, and are therefore properly made party to the present action. *See id*.

Plaintiffs also seek leave to amend their complaint to dismiss their state law claims. Such amendment will not prejudice Defendants, and will enable the Court to adjudicate Plaintiffs' discrete federal claims more efficiently.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint should be granted.

Dated: January 30, 2008                                Respectfully Submitted,

/s/ Michael Sgarlat
_____

Michael Sgarlat, Esquire
VA. Bar No. 18158
801 North Pitt Suite 109
Alexandria, Virginia 22314
(703) 549-2000

*Counsel for Plaintiffs Ralph Nader, Peter Miguel Camejo, D.B. Fanning, C.K. Ireland, Julie Coyle, Herman Blankenship, Lloyd Marbet and Gregory Kafoury*

Oliver B. Hall
D.C. Bar No. 976463
1835 16th Street, N.W.
Washington, D.C. 20009
(617) 953-0161
*Of Counsel*

Bruce Afran, Esquire
10 Braeburn Drive
Princeton, NJ 08540
*Of Counsel*

Mark R. Brown, Esquire
303 East Broad Street
Columbus, OH 43215
*Of Counsel*

Carl J. Mayer, Esquire
Mayer Law Group, LLC

1040 Avenue of the Americas, Suite 2400
New York, NY 10018
*Of Counsel*

Gonzalez & Leigh, LLP
Matt Gonzalez, Esquire
G. Whitney Leigh, Esquire
Bryan Vereschagin, Esquire
Two Shaw Alley
San Francisco, CA 94105
*Of Counsel*