UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RALPH NADER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:07-cv-01101-JCC-TCB |
| TERRY MCAULIFFE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPPOSITION OF DEFENDANT STEVEN RAIKIN
TO PLAINTIFFS' MOTION FOR LEAVE TO
<u>FILE A SECOND AMENDED COMPLAINT</u>**

On January 31, 2008, Defendant Steven Raikin filed a motion to dismiss Plaintiffs' Amended Complaint or, in the alternative, to transfer venue to the United States District Court for the District of Columbia, where a prior-filed action resting on the same factual allegations was and remains pending, and where most of the purported "conspirators" named in the Amended Complaint reside. Defendant Terry McAuliffe likewise filed a motion to dismiss the Amended Complaint.

A day before those motions were submitted, and after Defendants had consulted with Plaintiffs on their anticipated motion to transfer this action to the District of Columbia, Plaintiffs attempted to forestall the motion for transfer by seeking, pursuant to Federal Rule of Civil Procedure 15(a), to amend their complaint for a second time. That hastily filed motion, which was not even accompanied by a proposed new pleading, was served upon counsel for Defendant Raikin the following day – the same day that the Defendants' motions to dismiss and transfer were due and filed. Not until nearly a week later – after having had the opportunity to

fully review Defendants' motions and memoranda of law – did Plaintiffs then file and serve their proposed Second Amended Complaint.

Plaintiffs' Rule 15(a) motion proposes to (1) add three new defendants, all of which are already named as defendants in the parallel suit pending in the United States District Court for the District of Columbia, and two of which reside in the District of Columbia; (2) add an allegation that, "[o]n information and belief," certain employees of the Commonwealth of Pennsylvania were paid by the Commonwealth for unspecified work done in resisting the Nader-Camejo bid for inclusion on the ballot in Pennsylvania; and (3) without explanation, drop both of their state-law claims, and the allegations underlying those claims, from the Amended Complaint, while continuing to pursue those claims in the D.C. action.

The Rule 15(a) motion is just the latest in a long string of procedural maneuvers Plaintiffs have essayed since this litigation began. As recounted more fully in Defendant Raikin's memorandum in support of his motion to dismiss or transfer, this case started with the filing of two essentially identical complaints – one in the Superior Court of the District of Columbia and one in this Court – filed within a day of one another. Because the D.C. complaint (like the one in this action) alleged two federal claims, the defendants named therein promptly removed the suit to the federal district court in the District of Columbia. Nearly *six weeks* later, upon learning that Defendants planned to seek dismissal or, in the alternative, transfer this action to the federal district court in D.C. so that the two cases could be litigated together in the forum that plainly had the most connection with both the parties named in Plaintiffs' pleadings and the allegations contained therein, Plaintiffs filed an amended pleading in the D.C. action that omitted previously-alleged federal claims. Then, armed with knowledge of the identities of each of the judges they faced in each forum, Plaintiffs sought to shuffle and split claims between fora, by

2

(1) seeking remand of the D.C. case to the Superior Court of the District of Columbia after dropping the federal claims in the D.C. action, and (2) filing their Rule 15(a) motion in this Court seeking to drop the state-law claims and to limit this action to the federal claims. Plaintiffs evidently hope that by splitting their cause of action between two fora, they somehow undermine the case for transfer and consolidation, stave off swift and potentially unfavorable action by this Court, and generally engineer a situation in which they are able to cherry-pick the claims they want litigated by given judges.

The Court should not countenance this effort.

Defendant Raikin respectfully requests that the Court withhold resolution of Plaintiffs' motion to amend until it has decided his motions to dismiss and transfer. The first of the amendments Plaintiffs seek (naming as "Defendants" three parties previously identified as non-defendant "conspirators") only underscores the propriety of transfer. The second requested amendment (adding certain allegations concerning the actions of Pennsylvania officials) would be futile because the additional allegations do not cure the legal defects of the Amended Complaint that were articulated in the motion to dismiss. Finally, any expenditure of judicial resources determining the propriety of the third requested amendment (the dropping of the state-law claims) may very well prove unnecessary: should the Court determine that transfer is appropriate here, this case will likely be consolidated with the one now pending in the United States District Court for the District of Columbia – a case in which the only claims asserted parrot virtually word-for-word the very claims Plaintiffs seek, through their motion to amend here, to dismiss from this action.

If the Court decides to address Plaintiffs' latest procedural gambit in advance of a decision on the motions to dismiss and transfer, it should deny leave to amend – at least on the

terms Plaintiffs implicitly suggest. As noted, the requested additions to the Amended Complaint would be futile and should not, therefore, be permitted. As for the request to drop the state-law claims, that request should be granted only on condition that the claims be dismissed with prejudice. To permit dismissal without prejudice would be to sanction Plaintiffs' blatant forum-shopping and procedural maneuvering.

## **ARGUMENT**

### I. PLAINTIFFS' MOTION TO AMEND ONLY UNDERSCORES THE PROPRIETY OF TRANSFER.

The first amendment Plaintiffs seek to make to their pleading in this action is to add three parties – the Democratic National Committee (the "DNC"), Kerry-Edwards 2004 Inc., and Reed Smith LLP – as named defendants. All three of these parties are already named as defendants in the parallel and first-filed action pending in the federal district court in the District of Columbia; none of the three resides in Virginia; and two of the three (the DNC and Kerry-Edwards 2004 Inc.) are located in the District of Columbia.

The requested additions thus underscore the strength of Raikin's argument that a transfer of venue is appropriate here. As Plaintiffs' own motion highlights, this case has no real connection with Virginia and is based on the same core allegations that underlie the prior-filed D.C. action. Indeed, if Plaintiffs are permitted to add the DNC, Kerry-Edwards 2004 Inc., and Reed Smith LLP as defendants, their complaint in this action will bear even closer similarity to that in the D.C. federal court – where, as noted, all three proposed new defendants are already named as parties. Until now, Plaintiffs have tried to avoid duplicate naming of defendants in the two actions, opting instead to label the named defendants in one action as "conspirators" in the other, and vice versa. Flimsy as that veil of separation is, Plaintiffs now seek to jettison it altogether. Now, more than ever, it is clear that parallel litigation of the two cases would result

4

in "an extravagantly wasteful and useless duplication of the time and effort of the federal courts." *Gen. Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 362 (4th Cir. 1967) (*en banc*) (reversing denial of writ of mandamus and issuing writ to transfer action in order to avoid simultaneous litigation of two cases involving the same underlying facts).

## II. THE COURT SHOULD DEFER ACTION ON PLAINTIFFS' MOTION TO AMEND PENDING RESOLUTION OF THE MOTIONS TO DISMISS AND TRANSFER.

Not only does Plaintiffs' motion underscore the propriety of transfer, but it offers no reason why the Court should permit amendment prior to resolving the pending motions to dismiss and transfer. In fact, judicial economy weighs heavily in favor of deciding the latter motions first.

The Court will be in a better position to evaluate the propriety of adding allegations about the Pennsylvania state employees once it has had full briefing on Raikin's motion to dismiss. One of the arguments made in that motion is that Plaintiffs cannot sustain a claim under 42 U.S.C. § 1983 against Raikin – or indeed against any non-state actor – absent non-conclusory allegations that (1) the private party acted in accordance with (rather than in violation or abuse of) a state law or state processes in a manner that deprived Plaintiffs of their constitutional rights, *and* (2) the private actor's actions are "'fairly attributable to the State.'" *DeBauche v. Trani*, 191 F.3d 499, 506, 507 (4th Cir. 1999); *see Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939-940 (1981) (allegations that private actor's conduct violated state law and constituted unlawful use of state processes defeated any claim under section 1983 that such conduct was "under color" of state law as required by section 1983).

Raikin's motion to dismiss argues that Plaintiffs fall grossly short of the bare minimum required to survive a motion to dismiss because (1) their section 1983 claims – neither of which is alleged against any state actor – are predicated on alleged *violations* of state law and

5

abuse of state processes, thus precluding any section 1983 liability, and, independently, (2) they have failed to allege any of the "four exclusive circumstances under which a private party can be deemed to be a state actor" – much less any such circumstances pertaining to Raikin. *See DeBauche*, 191 F.3d at 507; *see also, e.g.*, *Fulani v. McAuliffe*, No. 04 Civ. 6973, 2005 WL 2276881, at *5 (S.D.N.Y. Sept. 19, 2005) (dismissing suit based on similar allegations to ones asserted here because, *inter alia*, plaintiffs had failed to plead the requisite state action).

As argued below, the allegations Plaintiffs seek to add to their complaint do nothing to cure this fundamental defect. Nor do they cure any of the other legal defects Raikin has identified – for example, the *Rooker-Feldman* bar or the statute of limitations bar to their claims. Because the proposed Second Amended Complaint would be subject to dismissal on all the same grounds articulated in the current motion to dismiss, the requested amendment would be futile, and should, for that reason alone, be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing futility of amendment as one of the grounds for denying leave to amend under Fed. R. Civ. P. 15(a)). As a matter of judicial economy, therefore, it makes sense for the Court to defer that ruling on the motion for leave to amend until it has had an opportunity to consider the sufficiency of the allegations included in the Amended Complaint.

Moreover, judicial economy at the very least favors deferring consideration of Plaintiffs' motion to amend until the motion to *transfer* has been decided, because decision on the latter motion may well moot a good portion of Plaintiffs' motion. Specifically, although Plaintiffs mention the fact only in passing, their proposed amendments include dropping half of their claims (the two state-law claims) and all of the particularized allegations underlying those claims. Yet these are the very claims that are still pending in the D.C. action – the action with which this case will in all likelihood be consolidated if Raikin's request for transfer is granted. If

transfer is granted, therefore, any evaluation of the propriety of dropping the state-law claims in this action (*cf. infra* pp. 9-11) will have proven pointless because the identical claims will already exist in the parallel (and likely consolidated) action.

### III.   PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED.

If, notwithstanding the foregoing, the Court elects to decide the merits of Plaintiffs' motion at this stage, it should (1) deny the request to add allegations concerning Pennsylvania state employees and (2) grant the request to drop the state-law claims only on condition that those claims be dismissed with prejudice.

#### A.   The Proposed Additional Allegations Would be Futile.

The only allegations Plaintiffs seek to add concerning the Pennsylvania state employees are that, "[o]n information and belief," "Pennsylvania Democratic Party leaders, including state House Minority Leader Bill DeWeese and former Democratic Whip Mike DeWeese [*sic*]," recruited state employees to help draft a complaint challenging the Nader-Camejo nominating petition in the Pennsylvania Commonwealth Court, and that those employees allegedly "received taxpayer-funded compensation for their efforts to remove Nader-Camejo from Pennsylvania's ballot." Proposed Second Am. Compl. at ¶¶ 9, 76, 81. Plaintiffs argue that these extra accusations "support" their federal claims because they somehow demonstrate the requisite state action. *See* Mem. in Supp. of Pls.' Mot. for Leave to Am. Compl. ("Pls.' Mem.") at 3.

The additional allegations, even if proven, could not support a finding that any named defendant acted "under color" of state law. *See* 42 U.S.C. § 1983. As discussed above, and as further elaborated in Raikin's memorandum in support of his motion to dismiss or transfer, a private actor cannot be held liable under section 1983 unless "the claimed deprivation has resulted from the exercise of a right or privilege *having its source in state authority*" ***and*** the

7

private actor can be "appropriately characterized as [a] 'state actor[].'" *Lugar*, 457 U.S. at 939 (emphasis added); *see also, e.g.*, *Mentavlos v. Anderson*, 249 F.3d 301, 321-22 (4th Cir. 2001) (holding that Citadel students – private actors – were not cloaked in state action because they were alleged to have *violated* state law). Neither showing has been made here with respect to Raikin or any other defendant already named or proposed to be named, and the new allegations do not cure the defect. The new allegations do not identify state law or state processes that Defendants are supposed to have acted pursuant to (rather than in violation of) in depriving Plaintiffs of any constitutional right, nor do they identify facts that might support a conclusion that the Defendants had "a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is *engaged in the state's actions*." *DeBauche*, 191 F.3d at 506 (emphasis added).

On the latter point, Plaintiffs' suggestion that the Fourth Circuit's decision in *Andrews v. Fed.l Home Loan Bank of Atlanta*, 998 F.2d 214 (4th Cir. 1993), somehow transforms their Pennsylvania state employee allegations into an adequate charge of state action on the part of Raikin or any other defendant is deeply misguided. *Cf.* Pl. Mem. at 3. *Andrews* unequivocally holds that "[a] private party can be deemed a state actor" *only*:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

998 F.2d at 217. "If the conduct does not fall into one of these four categories," *Andrews* holds, "then the private conduct is not an action of the state." *Id.*

Applying the *Andrews* test, the bare "fact" (presumed to be true for purposes of this discussion only) that certain "Pennsylvania Democratic Party leaders" recruited state

8

employees to help draft a complaint against Nader-Camejo does not remotely show that any named Defendant (much less Raikin himself) was coerced by the state into unconstitutional action, that the state evaded its constitutional duties through delegation to any Defendant, that any Defendant conducted a traditionally and exclusively public function, or that the state committed any unconstitutional act while enforcing any Defendants' rights. It does not even show that Raikin "act[ed] in concert with state actors" – the test that Plaintiffs, inexplicably and erroneously, draw from the *Andrews* case. *See* Pls.' Mem. at 3; *cf. DeBauche*, 191 F.3d at 507 (explaining that Supreme Court precedent "certainly does not stand for the proposition that all public and private joint activity subjects the private actors to the requirements of the Fourteenth Amendment"; reiterating *Andrews* test for state action).

Finally, even assuming the proposed new allegations *did* cure Plaintiffs' failure to plead state action, they would not cure the other defects of the Amended Complaint – defects that independently support dismissal. *See generally* Mem. of Law in Supp. of Mot. of Def. Steven Raikin to Dismiss the Am. Compl. or, in the Alternative, to Transfer Venue. Accordingly, the proposal to add allegations concerning the Pennsylvania state employees should be denied as futile.

### B.    Plaintiffs Should Not Be Permitted to Drop Their State-Law Claims Without Prejudice.

Plaintiffs do not just want to add allegations – they also want to subtract allegations. Indeed, they would like to drop both of their state-law claims in their entirety. The reasons are not entirely clear, but they plainly include forum-shopping. After all, Plaintiffs filed copycat actions in two fora and then waited until they had learned the identities of all the judges who could potentially adjudicate their claims (in the Superior Court of the District of Columbia, in the United States District Court for the District of Columbia, and in this Court) before

dropping their federal claims from the D.C. case (a move they thought – erroneously – would entitle them to a remand to state court[1]) and then seeking to drop their state-law claims from this case, evidently in order to preclude this Court from adjudicating those claims in the (again, erroneous) hope that the state-law claims will be litigated in D.C. Superior Court, under D.C. law.

Under these circumstances, Plaintiffs should not be permitted to dismiss their state-law claims *without* prejudice – which would be the default effect of a grant of their motion to amend. Instead, especially in view of the fact that Defendants have already briefed their motions to dismiss the state-law claims on the merits, those claims should be dismissed *with* prejudice, so that they cannot be pursued in any other forum. *See, e.g.*, 6 C. Wright, A. Miller, M. Kane, *Fed. Prac, & Proc. Cir. 2d: Amendments With Leave of Court-Conditions* § 1486 (2007) (noting that courts may condition dropping of claims under Rule 15(a) on stipulation that dismissal of those claims be with prejudice); *Astor Holdings, Inc. v. Roski*, No. 01 Civ. 1905, 2002 WL 1058057, at *1 (S.D.N.Y. May 23, 2002) (permitting dismissal, but only with prejudice); *Jones v. Scientific Colors, Inc.*, No. 99 C 1959, 2001 WL 883689, at *2 (N.D. Ill. Aug. 6, 2001) (permitting Rule 15(a) amendment to drop claims, but, in absence of reasons given for doing so, requiring that dismissal be with prejudice); *Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) (allowing dismissal of claim, but only if with prejudice); *Gallagher v. Donald*, No. 92 CIV. 1371, 1993 WL 488215, at *1 (S.D.N.Y. Nov. 16, 1993) ("[D]ropping charges which have been vigorously defended, even short of motion practice, in such a way as to

---

[1] The motion to remand is still pending in the D.C. District Court and will not be fully briefed until April. The defendants in that action – which include Raikin's organization, The Ballot Project, and two other officers thereof – have pointed out to the Court that dropping federal claims from a removed action by no means entitles the plaintiff to a remand, and that, to the contrary, the circumstances of this case warrant retention of supplemental jurisdiction by the district court pursuant to 28 U.S.C. § 1367(c). *See, e.g.*, *Osborn v. Haley*, 127 S. Ct. 881, 896 (2007) (district court retains discretion to exercise jurisdiction over state-law claims once federal claims have been eliminated from the action).

leave them open to further litigation, may be contrary to the interest of justice."); *Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F. Supp. 355 (S.D. Tex. 1959) (permitting Rule 15(a) dropping of claims only on condition of dismissal with prejudice); *see also, e.g.*, *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 554 & n.4 (4th Cir. 1974) (affirming district court's denial of Rule 15(a) motion to drop claims because allowing the motion would have exposed defendants to relitigation); *Texas First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 401 n.12 (S.D. Tex. 2004) (denying plaintiff's request to drop state-law claims – a request motivated by a preference for a state forum). Any other result would, in effect, legitimize Plaintiffs' forum-shopping and procedural maneuvering.

## CONCLUSION

Plaintiffs' motion for leave to file a second amended complaint should be denied.


Dated: February 20, 2008                                    Respectfully submitted,


                                                             /S/
                                                            _____
                                                            Warren T. Allen II
                                                            Virginia Bar Number 72691
                                                            Preeta Bansal
                                                            (Admitted *Pro Hac Vice*)
                                                            Lawrence M. Noble
                                                            (Admitted *Pro Hac Vice*)
                                                            *Attorneys for Defendant Steven Raikin*
                                                            Skadden, Arps, Slate, Meagher & Flom LLP
                                                            1440 New York Avenue, N.W.
                                                            Washington, D.C. 20005-2111
                                                            Tel. (202) 371-7000
                                                            Fax. (202) 661-9121
                                                            wtallen@skadden.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of Febriary, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Hardin Young, Esq.
Sandler Reiff & Young, PC
50 E Street, S.E.
Washington, D.C. 20003
(202) 479-1111
young@sandlerreiff.com
*Attorney for Terry McAuliffe*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

Michael Sgarlet, Esq.
216 South Patrick
Alexandria, Virginia 22314
(703) 549-2000
*Attorney for Plaintiffs*

/S/
Warren T. Allen II
Virginia Bar Number 72691
*Attorney for Steven Raikin*
Skadden, Arps, Slate, Meagher, & Flom, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
(202) 371-7000
(202) 661-9121
wtallen@skadden.com