UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RALPH NADER, et al., : | |
| Plaintiffs : | |
| v. : | Case No. 1:07 cv 1101 (JCC/TCB) |
| TERRY MCAULIFFE, et al. : | |
| Defendants. : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITIONS TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

Plaintiffs have filed a motion for leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a), to add new allegations and new parties, and to dismiss certain state law claims.   This case is still at a preliminary phase and there is no basis to deny Plaintiff's right to amend their complaint under Rule 15(a).  Defendants oppose Plaintiffs' motion, but Defendants virtually ignore the entire body of case law governing this Court's consideration of motions filed under Rule 15(a). The reason for Defendants' omission is obvious. That body of case law compels the conclusion that Plaintiffs' motion should be granted pursuant to the permissive standard applicable to such motions.

To divert the Court from this conclusion, Defendants resort to innuendo and unfounded assertions regarding so-called "procedural maneuvering" and "forum-shopping" by Plaintiffs. The Court should not indulge Defendants' diversion. Defendants' assertions are irrelevant to the merits of Plaintiffs' motion.  Defendants cite

no authority to justify their claim that the Court should deny Plaintiffs' motion in violation of Rule 15(a)'s clear mandate that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a).

Defendants' position is particularly untenable in this case, because Plaintiffs have filed their motion to amend so early in the proceedings that discovery has not yet begun. Plaintiffs are entitled to amend their complaint once as a matter of right under Rule 15(a), and have done so only to correct minor typographical errors prior to service of process upon either Defendant. Notably, neither Defendant claims to be prejudiced by Plaintiffs' motion, but only that the proposed amendments would be futile. This claim has no merit. Accordingly, Plaintiffs' motion should be granted.

## BACKGROUND

On October 31, 2007, Plaintiffs filed a complaint in this Court, alleging state law claims for conspiracy, malicious prosecution and abuse of process, and federal claims under 42 U.S.C. § 1983, arising from Defendants' effort to bankrupt the Nader-Camejo Campaign and to prevent Plaintiffs Ralph Nader and Peter Miguel Camejo from running for office, thereby denying Plaintiff-voters the choice of voting for them. The next day, on November 1, 2007, before service of process upon either Defendant, Plaintiffs filed an Amended Complaint to correct certain typographical errors.

On December 16, 2007, an ongoing investigation by the Attorney General of the State of Pennsylvania revealed that employees of the state of Pennsylvania may have unlawfully received taxpayer-funded compensation for participating in political activity, including a "Nader effort" that such employees referred to in email and other documents. *See* Dennis B. Roddy and Tracie Mauriello, *E-mails Show How Dems Tied Staffers'*

*Bonuses to Campaign Work*, PITTSBURGH POST-GAZETTE (Dec. 16, 2007). This "Nader effort," reportedly, was "a Democratic project to challenge the ballot petitions of the independent presidential candidate [Ralph Nader], who they feared would peel away votes from Democratic nominee Sen. John F. Kerry." *Id.* Because these revelations directly support Plaintiffs' allegations that state actors participated in Defendants' conspiracy, Plaintiffs moved, on January 30, 2008, for leave to amend their complaint to include these allegations, and to add Reed Smith, LLP, the Democratic National Committee, Kerry-Edwards 2004, Inc. and John Kerry as parties defendant based upon their participation in the effort to deny Plaintiff-candidates ballot access in Pennsylvania.

Plaintiffs also filed an action in the Superior Court of the District of Columbia on October 30, 2007, alleging state law claims for conspiracy, malicious prosecution and abuse of process, as well as claims under 42 U.S.C. § 1983. On November 27, 2007, the defendants in that action removed the case to the District Court of the District of Columbia. Thereafter, on January 23, 2008, Plaintiffs filed an amended complaint in that case that dismissed their federal claims, and moved to remand the action so that the Superior Court could rule in the first instance upon their novel and complex questions of state law.

**ARGUMENT**

I. **The Controlling Body of Precedent Governing Motions for Leave to Amend Compels the Conclusion That Plaintiffs' Motion Should Be Granted.**

Rule 15(a) sets forth a permissive standard for amendment by providing that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Rambus, Inc. v. Infineon Technologies AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004),

citing *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999). The Supreme Court has declared that "this mandate is to be heeded." *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, "the law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."" *Id.* quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Defendant Raikin entirely fails to acknowledge the permissive standard that governs Plaintiffs' motion, and with good reason: "the leave sought, as the rules require, should be "freely given."" *Foman*, 371 U.S. at 182, quoting Fed. R. Civ. P. 15(a). Ignoring this clear mandate, Defendant Raikin relies instead upon innuendo to suggest that Plaintiffs are forum shopping, and that their motion should be deferred or denied on this basis. Raikin Opp. at 4-9. This assertion is both unfounded and irrelevant. Plaintiffs have moved to consolidate their federal claims before this Court, the federal forum in which they were first-filed, and to remand the action in the District of Columbia to the Superior Court, the forum where that action was first-filed. Thus, Plaintiffs seek only to have their claims adjudicated by the courts in which they were originally filed. Defendant Raikin objects to defending Plaintiffs' claims in this Court, which is his home forum. Defendant Raikin's preference for a foreign forum, however, is not relevant, and provides no basis for his request that the Court defer or deny Plaintiffs' motion.

Defendant McAuliffe makes essentially the same argument as Defendant Raikin, but also claims that Plaintiffs are wasting judicial resources by "manipulating the procedures in three jurisdictions." McAuliffe Opp. at 20.   This claim is ironic because it

4

is *Defendants* and their co-conspirators, and not Plaintiffs, who initiated the litigation in two of the three jurisdictions that he references (Pennsylvania and the District of Columbia) – as well as 15 more besides. Thus, after orchestrating a conspiracy to sue Plaintiffs 24 times in 18 state courts, Defendant McAuliffe now asks the Court to deny Plaintiffs their day in court by dismissing their complaint without leave to amend. Defendant McAuliffe's claims, like Defendant Raikin's, provide no basis for the Court to deny Plaintiffs' motion.

Accordingly, because leave to amend is to be freely given, and because Defendants fail to establish bad faith by the moving party or prejudice to themselves, Plaintiffs' motion for leave to amend should be granted.

## II.     The Proposed Amendments Are Not Futile, Because They Directly Support Plaintiffs' Claims Under 42 U.S.C. § 1983.

Defendants also oppose Plaintiffs' motion on the ground that the proposed amendments would be futile, because Plaintiffs fail to allege facts sufficient to state a claim under 42 U.S.C. § 1983. As an initial matter, Defendants' objections on this ground are premature. *See Rambus, Inc.*, 304 F. Supp. 2d at 819. Courts generally favor the resolution of cases on their merits, and therefore, "the substantive merits of a proposed claim are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment under Fed. R. Civ. P. 12(b)(6)," rather than under a motion for leave to amend pursuant to Rule 15(a). *Id.*, citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Thus, a court may deny a motion to amend on the ground of futility only "when the proposed amendment is clearly insufficient on its face." *Id.*, quoting *Johnson*, 785 F.2d at 510.

To meet this high bar, Defendants claim that Plaintiffs fail to allege the elements necessary to state a claim under 42 U.S.C. § 1983. McAuliffe Opp. at 12-16; Raikin Opp. at 7-9. Defendant McAuliffe thus denies that Plaintiffs allege a constitutional violation, because "there is no constitutional right to have sufficient funds to pay for civil litigation, or…to wage an effective campaign." McAuliffe Opp. at 12. Here, Defendant McAuliffe simply mischaracterizes Plaintiffs' claims. Plaintiffs allege that Defendants engaged in a conspiracy, *inter alia*, to prevent them from exercising their First Amendment rights during the 2004 general election. Am. Comp. at ¶¶ 47-68. In so doing, "there can be no question that, if defendants acted under color of state law, they violated [Plaintiffs'] constitutional rights." *Rossignol v. Voorhaar*, 316 F. 3d 516, 521-23 (4th Cir. 2003) (conspiracy to suppress political criticism during an election is a "classic example" of conduct the First Amendment was intended to prohibit).

As elaborated more fully in Plaintiffs' Response in Opposition to Defendants' Motions to Dismiss, Plaintiffs' Amended Complaint is replete with allegations involving state actors, and these allegations are sufficient to establish state action under a "public function" test, a "nexus" test, or a "joint action" test. Plaint. Resp. at 12-17. Plaintiffs' proposed amendment, moreover, removes any doubt as to this element of Plaintiffs' claims, by alleging that employees of the state of Pennsylvania directly participated in Defendants' conspiracy. "For a private party to be held liable under § 1983, the plaintiff must allege that the private party engaged in a conspiracy with state actors to deprive him of his constitutional rights." *Manship v. Trodden*, 2007 U.S. Dist. LEXIS 78913, 8 (E.D. Va. 2007), citing *Dennis v. Sparks*, 449 U.S. 24 (1980); *see also Jennings v. Keller*, 482 F.3d 686, 700 (4th Cir. 2007) ("[s]tate employment is generally sufficient to render the

6

defendant a state actor," and a defendant necessarily "acts under color of state law when he abuses the position given to him by the State"), citing *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n.18 (1982).

Accordingly, because Plaintiffs have alleged both elements necessary to state a claim under 42 U.S.C. § 1983, their proposed amendments are not futile, and their motion for leave to amend should be granted.

### III. Defendants Fail to Establish Any Other Basis For Their Claim That Plaintiffs' Proposed Amendments Are Futile.

Defendant McAuliffe claims that Plaintiffs' proposed amendments are futile on three additional grounds, including the statute of limitations, standing and the *Rooker-Feldman* doctrine. These claims are unavailing, particularly in light of the Court's obligation to read the complaint "liberally in favor of the plaintiff." *See Sciolino v. City of Newport News*, 480 F.3d 642, 650 (4th Cir. 2007), quoting *Anderson v. Found. for Advancement, Educ. and Employment of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998) (citing Fed. R. Civ. P. 8). Defendant McAuliffe raised these same claims nearly verbatim in his Motion to Dismiss, and Plaintiffs' Response in Opposition previously addressed them in full. Plaintiffs therefore rest on that response.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend their complaint should be granted.

Dated: February 27, 2008                           /s/ George R.A. Doumar

                                             George R.A. Doumar
                                             VA Bar No. 26490
                                             George R. A. Doumar, PLLC
                                             Attorney for Plaintiffs
                                             2000 N. 14th Street, Suite 210

                Arlington, VA 22201
                Tel: (703) 243-3737
                Fax: (703) 524-7610
                e-mail:
                gdoumar@doumarlawgroup.com

Oliver B. Hall
1835 16th Street, N.W.
Washington, D.C. 20009
(617) 953-0161
*Of Counsel*

Bruce Afran, Esquire
10 Braeburn Drive
Princeton, NJ 08540
*Of Counsel*

Mark R. Brown, Esquire
303 East Broad Street
Columbus, OH 43215
*Of Counsel*

Carl J. Mayer, Esquire
Mayer Law Group, LLC
1040 Avenue of the Americas, Suite 2400
New York, NY 10018
*Of Counsel*

Gonzalez & Leigh, LLP
Matt Gonzalez, Esquire
G. Whitney Leigh, Esquire
Bryan Vereschagin, Esquire
Two Shaw Alley
San Francisco, CA 94105
*Of Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2008 I electronically filed the foregoing Reply to Defendants' Oppositions to Plaintiffs' Motion for Leave to Amend Their Complaint with the Clerk of the Court using the CM/ECF system, and served a copy either by the CM/ECF system or by first class mail, postage-prepaid, on the following parties:

John Hardin Young
Attorney for Defendant Terry McAuliffe
SANDLER, REIFF & YOUNG, P.C.
50 E Street, S.E. #300
Washington, D.C. 20003
Tel: (202) 479-1111
Fax: (202) 479-1115
young@sandlerreiff.com

Warren Thomas Allen, II
Attorney for Defendant Steven Raikin
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
1440 New York Ave., N.W.
Washington, D.C. 20005-2111
Tel: (202) 371-7126
wtallen@skadden.com

/s/ George R.A. Doumar

George R.A. Doumar
VA Bar No. 26490
George R. A. Doumar, PLLC
Attorney for Plaintiffs
2000 N. 14th Street, Suite 210
Arlington, VA 22201
Tel: (703) 243-3737
Fax: (703) 524-7610
e-mail: George R.A. Doumar