```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

RALPH NADER, et al.,                  )
                                      )
        Plaintiffs,                   )
                                      )           1:07cv1101 (JCC)
        v.                            )
                                      )
TERRY MCAULIFFE, et al.               )
                                      )
        Defendants.                   )
```

**M E M O R A N D U M   O P I N I O N**

         This matter is before the Court on Defendant Terry McAuliffe's and Defendant Steven Raikin's Motions to Dismiss Plaintiffs Ralph Nader, et al.'s First Amended Complaint and to Transfer the Case, and Plaintiffs' Motion For Leave to Amend Complaint to Add New Defendant Parties and Dismiss State Law Claims.  For the following reasons, the Court will grant in party and deny in part Defendants' Motions and will deny Plaintiffs' Motion.

**I. Background**

        This action arises out of allegations that Defendant Terry McAuliffe ("Defendant McAuliffe"), as former Chairman of the Democratic National Committee ("DNC"), and Defendant Steven Raikin ("Defendant Raikin"), as Director, Treasurer, and Secretary of a Section 527 organization called The Ballot Project, orchestrated a nationwide conspiracy to prevent Plaintiffs Ralph Nader ("Plaintiff Nader") and Peter Miguel

1

Camejo ("Plaintiff Camejo") from participating in the 2004 general election as candidates for President and Vice President, respectively, and to deny Plaintiff-voters the choice of casting their ballots for them.  In a period of twelve (12) weeks between June and September 2004, Defendants McAuliffe and Raikin and their co-conspirators filed twenty-four (24) complaints against the Nader-Camejo Campaign in eighteen (18) state courts challenging efforts by the Nader-Camejo Campaign to obtain ballot access for the Nader-Camejo ticket, as well as five (5) complaints before the Federal Election Commission ("FEC").  This alleged conspiracy was joined by at least ninety-five (95) lawyers from fifty-three (53) law firms nationwide.  The DNC, state Democratic Parties, and The Ballot Project collectively paid these firms nearly $1 million, while co-conspirator law firms contributed millions more in pro bono legal services.

   Plaintiffs accuse Defendants of engaging in this litigation not to vindicate valid claims but "to neutralize [Plaintiff Nader's] campaign by forcing him to spend money and resources defending these [lawsuits]."  Pls.' Am. Compl. ¶ 64. Plaintiffs claim that Defendants and others filed these ballot access cases and FEC complaints for the following purposes: (1) to cause financial injury and other damages to the Nader-Camejo Campaign; (2) to cause financial injury and other damages to Plaintiffs Nader and Camejo personally; (3) in conjunction with

2

state actors who acted under the color of state law, to violate Plaintiffs Nader and Camejo's constitutional rights by preventing them from appearing on the ballot as candidates in the 2004 presidential election; and (4) in conjunction with state actors who acted under the color of state law, to violate Plaintiff-voters' constitutional rights, and those of others similarly situated, by denying them the free choice of candidates in the 2004 presidential election. *Id.* ¶ 68.

The ballot access challenges succeed in four states – Ohio, Oregon, Pennsylvania, and Illinois – preventing Plaintiffs Nader and Camejo from appearing on the general election ballot in those states. Plaintiffs Nader and Camejo also did not appear on the Arizona ballot after withdrawing their nomination papers in response to a litigated challenge and failing to prevail on their subsequent challenge to Arizona's filing deadline. In four other states – Arkansas, Florida, New Mexico, and Wisconsin – lower trial or appellate courts found in favor of those challenging ballot access, but those determinations were later reversed on appeal or modified in light of subsequent parallel proceedings. The FEC took no action in any of the 5 complaints filed against the Nader-Camejo Campaign.

On October 30, 2007, Plaintiffs filed a complaint in the Superior Court of the District of Columbia against the DNC, The Ballot Project, Kerry-Edwards 2004, Inc., Reed Smith LLP,

John Kerry, and eight other alleged co-conspirators.  The following day, Plaintiffs filed a Complaint in this Court, bearing the caption "Superior Court of District of Columbia," and naming the same plaintiffs set forth in the complaint filed in the District of Columbia, as well as two of the defendants – McAuliffe and Raikin.  On November 1, 2007, Plaintiffs filed an Amended Complaint in this Court, which included the proper caption but was in all other respects identical to the Complaint filed in this Court on October 31 and in the District of Columbia on October 30.  The Amended Complaint contains four claims against Defendants McAuliffe and Raikin: (1) conspiracy to commit abuse of process and malicious prosecution; (2) abuse of process and malicious prosecution; (3) conspiracy to violate 42 U.S.C. § 1983, the Qualification Clause and the First and Fourteenth Amendments of the United States Constitution; and (4) violation of 42 U.S.C. § 1983 and those same provisions of the Constitution.

      On December 10, 2007, the case in the D.C. Superior Court was removed to the United States District Court for the District of Columbia.  On January 23, 2008, Plaintiffs amended that complaint by removing the counts alleging conspiracy to violate 42 U.S.C. § 1983 and violation of 42 U.S.C. § 1983, and moved to remand the case back to D.C. Superior Court.  One week later, Plaintiffs filed their Motion for Leave to Amend Complaint

in this Court.  On January 31, 2008, Defendants McAuliffe and Raikin each filed separate Motions to Dismiss Plaintiffs' First Amended Complaint, and Defendant Raikin filed a Motion to Transfer Venue.  These Motions are currently before the Court.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.*  The district court is granted discretion in determining whether transfer is appropriate.  *Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).  To make that determination, the court must consider "(1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum."  *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007)(quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)).  The moving party bears the burden of demonstrating that transfer is proper.  *Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp.*, 227 F. Supp. 2d 581, 583 (E.D. Va. 2002)(internal citation omitted).

## III. Analysis

Defendants request that this Court transfer this case to the District of Columbia.  In deciding whether transfer is appropriate, the Court must first determine whether these claims

5

may have been initially brought in the District of Columbia. Given that there is currently litigation pending in the U.S. District Court for the District of Columbia arising from the same factual allegations and raising the same legal issues, it is obvious that the transferee forum is appropriate in this respect.

The Court next turns to the question of whether the interest of justice and convenience justify transfer to the District of Columbia. Courts generally weigh four factors in determining the answer to this question: "(1) the plaintiff's [initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *JTH Tax, Inc.*, 482 F. Supp. 2d at 736 (quoting *Precision Franchising, LLC v. Coombs*, No. 1:06CV1148, 2006 U.S. Dist. LEXIS 93952, 2006 WL 3840334, at *2 (E.D. Va. Dec. 27, 2006)).

   A. Plaintiffs' Choice of Venue

A "[p]laintiff's choice of venue is entitled to substantial weight, unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum." *Hanover Ins. Co. v. Paint City Contrs., Inc.*, 299 F. Supp. 2d 554, 556 (E.D. Va. 2004) (citing *Cognitronics Imaging Sys. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)). Plaintiffs argue that the Court should give great weight to this factor and should refuse to transfer this case from the

Eastern District of Virginia, the venue in which, Plaintiffs argue, they initially chose to bring their federal claims. However, Virginia is not their home forum.  In addition, although the two defendants currently named in the action are domiciled in this district, all but one of the parties whom Plaintiffs seek to add reside in the District of Columbia.  Further, none of the events giving rise to the causes of action in Plaintiffs' complaint occurred in Virginia.  Therefore, Plaintiff's choice of forum is not dispositive in this action due to "the absence here of any substantial nexus between this District and the plaintiff's underlying action," either as Plaintiffs' home forum or as the location of the alleged conspiracy.  *Board of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1257 (E.D. Va. 1988).

    B. <u>Convenience of Parties and Witnesses</u>

As noted above, all but one of the parties whom Plaintiffs wish to add as defendants are residents of D.C.  Many of the causes of action arose from acts occurring in the District of Columbia, whereas none occurred in Virginia.  The geographical proximity between this Court and the U.S. District Court for the District of Columbia, both within the Washington, D.C., metropolitan area, indicates that there is no significant difference in convenience for parties or witnesses between the two forums.  Therefore, the convenience factors do not tip the

balance in favor of either forum.

    C. <u>Interest of Justice</u>

        Judicial economy weighs heavily in favor of transferring this lawsuit.  Plaintiffs filed an essentially identical suit in District of Columbia Superior Court, a case which is now before the U.S. District Court for the District of Columbia.  When cases pending before more than one federal district court "involv[e] substantially the same factual issues," the Fourth Circuit has held that they should be transferred to one court "in order to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases." *General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 362 (4th Cir. 1967).

        Plaintiffs argue that the Eastern District of Virginia is the proper forum for this case because "the action in this federal forum was first-filed" and thus that this forum has priority.  Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss and Mot. to Transfer at 27 (citing Charles Allen Wright, et al., Federal Practice and Procedure § 3854 (3d ed. 2007)).  Defendants counter that, since Plaintiffs filed the case in D.C. Superior Court before they filed in the Eastern District of Virginia, and because the complaints were identical in all respects other than the number of defendants, the D.C. suit was first-filed.

8

Plaintiffs have moved to dismiss the federal claims from the action pending in the U.S. District Court for the District of Columbia and remand the matter back to the Superior Court. They argue that, if their Motions in D.C. are granted, the District of Columbia action will involve exclusively state law claims and will not in any way conflict with the federal claims being heard in this Court. However, this Court is being asked to consider essentially the same factual allegations as our sister Court in the District of Columbia. It appears to this Court as though Plaintiffs, through the adding and subtracting of claims and parties, are attempting a complicated forum-shopping maneuver. The underlying facts in the action pending in the District of Columbia are substantially the same as in this action, regardless of the federal or state nature of the claims being litigated at this point in time.

Particularly because Plaintiffs have little connection to the state of Virginia, Virginia law does not control, and the actions at issue took place outside of the Commonwealth, this case should be transferred to the District of Columbia "in order to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues." *General Tire,* 373 F.2d at 362.

### III. Conclusion

For the foregoing reasons, the Court grant Defendant Terry McAuliffe's and Defendant Steven Raikin's Motion to Transfer the Case; deny Defendants' Motion to Dismiss Plaintiffs Ralph Nader, et al.'s First Amended Complaint; and deny Plaintiffs' Motion For Leave to Amend Complaint to Add New Defendant Parties and Dismiss State Law Claims.

An appropriate Order will issue.

March 7, 2008                                      /s/
Alexandria, Virginia                       James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE