UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH NADER, *et al.*, )<br>)<br>      Plaintiffs, )<br>)<br>      v. )<br>)<br>TERRY MCAULIFFE, *et al.*, )<br>)<br>      Defendants. )<br>_____ ) | Civil Action No. 08–0428 (RMU) |

### DEFENDANT STEVEN RAIKIN'S
### RENEWED MOTION TO DISMISS
### <u>PLAINTIFFS' AMENDED COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Steven Raikin respectfully moves this Court to dismiss Plaintiffs' Amended Complaint for failure to state a claim for which relief can be granted. In support of his motion, Defendant submits the accompanying memorandum of points and authorities.

Dated: April 4, 2008        Respectfully submitted,

                                            /S/
                          Lawrence M. Noble
                          D.C. Bar No. 244434
                          Warren T. Allen II
                          D.C. Bar No. 976018
                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          1440 New York Avenue, N.W.
                          Washington, D.C. 20005-2111
                          (202) 371-7000

                          Preeta D. Bansal
                          D.C. Bar No. 431195
                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          Four Times Square
                          New York, NY 10036
                          (212) 735-3000

                          *Counsel for Defendant Steven Raikin*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2008, copies of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                          /S/
                                Lawrence M. Noble
                                D.C. Bar No. 244434
                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                1440 New York Avenue, N.W.
                                Washington, D.C. 20005-2111
                                (202) 371-7000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH NADER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08–0428 (RMU) |
| ) | |
| TERRY MCAULIFFE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT STEVEN RAIKIN'S
<u>RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

Defendant Steve Raikin respectfully submits this Memorandum of Points and Authorities in support of his renewed motion to dismiss Plaintiffs' Amended Complaint. After this action was filed in the United States District Court for the Eastern District of Virginia, Defendants Terry McAuliffe and Steve Raikin moved to dismiss the Amended Complaint or, in the alternative, to transfer the action to this Court. Without addressing the merits of Defendants' arguments in support of their motions to dismiss, the federal district court in Virginia transferred the action to this Court. Defendant Steve Raikin now, in this Court, renews his motion to dismiss the Amended Complaint for failure to state a claim. Counts I and II of the Amended Complaint – asserting malicious prosecution and abuse of process and conspiracy to commit the malicious prosecution and abuse of process – should be dismissed for the same reasons that the identical allegations in *Nader v. Democratic National Committee*, 1:07-cv-02136-RMU, should be dismissed. Accordingly, the Ballot Project's motion to dismiss that complaint is incorporated by reference. Counts III and IV of the Amended Complaint – asserting violation of 42 U.S.C. § 1983 and conspiracy to violate 42 U.S.C. § 1983 – should be dismissed because (1) Plainitffs

neither name any state officials as defendants or as non-defendant co-conspirators, *see* Am. Compl. ¶¶ 23–46, nor allege any conduct constituting "state action" by private parties; (2) the Plaintiffs' federal claims are time-barred; and (3) Plaintiffs' allegations of conspiracy with respect to the alleged section 1983 violations are too conclusory to withstand a motion to dismiss. Defendant Raikin also relies upon the grounds of dismissal set forth by Defendant McAuliffe.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2007, Plaintiffs initially commenced the claims in this litigation by filing a complaint in the Superior Court of the District of Columbia against the Democratic National Committee (Defendant Terry McAuliffe's employer), the Ballot Project (Defendant Steve Raikin's employer), and ten other persons or entities that are named as non-defendant co-conspirators in the Amended Complaint presently before this Court. *See* Am. Compl. ¶¶ 25–36.

One day later, on October 31, 2007, Plaintiffs filed an almost identical complaint in the United States District Court for the Eastern District of Virginia; indeed, the filing of the complaint in the Eastern District of Virginia seemed to be an afterthought as it was almost entirely a copycat of the D.C. complaint, even bearing an unchanged caption reading "In the Superior Court of the District of Columbia."

Apparently to avoid having the improperly-captioned complaint dismissed or stricken, Plaintiffs one day later filed the instant Amended Complaint, bearing the correct name of the Eastern District of Virginia on the caption. In virtually all other respects, the Amended Complaint is identical to the complaint initially filed in the Superior Court of the District of Columbia (with the exception of the additional named defendants in the earlier D.C. Superior Court action, as compared to additional non-defendant co-conspirators in the Virginia action).

On December 10, 2007, the defendants in that action removed the case to the United States District Court for the District of Columbia because Plaintiffs' D.C. Superior Court complaint alleged a violation of 42 U.S.C. § 1983. *See Nader v. The Democratic Nat'l Comm.*, Civ. No. 07–2136 (RMU).

After Defendants' counsel in the instant case conferred with Plaintiffs' counsel concerning a motion to transfer the Eastern District of Virginia proceeding to this Court, Plaintiffs responded with a series of procedural maneuvers designed to forestall such a motion by attempting to divest this Court of jurisdiction, and instead to have the federal claims heard only in the Eastern District of Virginia. Apparently not wanting the case in this Court, Plaintiffs first amended their District of Columbia complaint on January 23, 2008, to remove the counts alleging the federal section 1983 claims, and moved to remand the case back to the D.C. Superior Court. (Upon transfer of this action to this Court, Plaintiffs withdrew their motion to remand the District of Columbia action to Superior Court.)

Then, on January 30, 2008, Plaintiffs filed a motion to amend, for the second time, the Virginia complaint to include new parties and to dismiss the non-federal claims. On January 31, 2008, Defendants filed in the Eastern District of Virginia a "Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer Venue." On March 7, 2008, the United States District Court for the Eastern District of Virginia granted Defendants' alternatively pled request for relief and transferred this case to this Court. The order and opinion granting Defendants' motion to transfer venue denied Defendants' motion to dismiss without addressing the merits or substance of the motion, presumably so that this Court could consider issues unfettered and anew.

The Amended Complaint pending in this Court asserts four counts: first, conspiracy to commit abuse of process and malicious prosecution; second, abuse of process and malicious

3

prosecution under the various states' laws; third, conspiracy to violate "43 [sic] U.S.C. § 1983" and the United States Constitution; and fourth, violation of "43 [sic] U.S.C. § 1983" and the United States Constitution. The "factual" allegations in the Amended Complaint consist largely of conclusory, generalized assertions about conspiracy—with no specificity as to the time, place or nature of the asserted agreement; parties to the agreement; or scope or duration of the agreement. *See, e.g.,* Am. Compl. ¶ 49 ("The leaders and organizers of the conspiracy specifically agreed to sue and otherwise obstruct Nader-Comejo not only in these 'battleground' states, but also in as many other states as possible."); *id.* ¶ 55 ("That 'Game Plan,' which Defendants jointly planned and executed with their co-Conspirators, was to file groundless and abusive lawsuits and otherwise obstruct the Nader-Camejo Campaign as many times in as many states as possible during the 2004 election.").

The Amended Complaint's allegations also include, as asserted overt acts in support of the alleged conspiracy and the alleged tortious conduct, (i) the filing of twenty-four lawsuits and administrative challenges in eighteen states; (ii) the filing of five complaints to the Federal Election Commission ("FEC"); and (iii) alleged "acts of harassment, intimidation and sabotage . . . specifically intended to prevent Nader-Camejo from complying with state election laws, and to manufacture legal grounds for the Conspirators' otherwise baseless claims" (*id.* ¶ 69) in Ohio, Oregon and Pennsylvania (*id.* ¶¶ 70–72, 158, 169–173 ). Although the Amended Complaint frequently refers to challenges to ballot access brought by conspirators, in fact, as the Amended Complaint also details, virtually all such litigated challenges were brought by individuals who are not named as either defendants or co-conspirators.

The Amended Complaint admits that the challenges and litigation against Nader-Camejo's ballot access attempts succeeded in four states, where Mr. Nader did not appear on the

4

general election ballot: Ohio, Oregon, Pennsylvania and Illinois. *See* Am. Compl. ¶¶ 73, 111, 164–165, 178, 192. In Arizona, the Amended Complaint alleges that Nader-Camejo withdrew their nomination papers in response to a litigated challenge and that Nader-Camejo did not prevail on their subsequent challenge to Arizona's filing deadline; their names accordingly did not appear on the Arizona ballot either. *See id.* ¶¶ 76–79. In four other states, lower trial or appellate courts found in favor of challengers to Nader-Camejo's ballot access attempts, but those determinations were reversed on subsequent appeal or modified in light of subsequent parallel proceedings. *See, e.g., id.* ¶¶ 82–83 (Arkansas); ¶¶ 91, 93–94, 99 (Florida); ¶¶ 146–149 (New Mexico); ¶¶ 225–227 (Wisconsin). With respect to the FEC complaints, the Amended Complaint states that the FEC took no action on any of the five complaints. *See id.* ¶¶ 128, 137, 229.

Virtually all of the allegations relating to litigation in the eighteen states aver that such litigation was both initiated and finally resolved in 2004—after Mr. Nader announced his candidacy on February 22, 2004 (*id.* ¶ 47) and several weeks before the November 2004 Presidential election. *See generally id.* ¶ 238 (Count I) ("Conspirators filed 24 complaints against the Nader-Camejo Campaign within 12 weeks between June and September of 2004."); *id*. ¶ 241 (Count II) (similar). Only in a few instances are there allegations that even reference events beyond September 2004: One FEC complaint, filed on September 17, 2004, was dismissed on June 23, 2005 (*id.* ¶ 128); another FEC complaint, filed on August 10, 2004, was dismissed on June 23, 2005 (*id.* ¶ 137); the three other FEC complaints were dismissed on February 10, 2005, June 23, 2005, and April 21, 2006 (*id.* ¶ 229); and there was a bill of costs submitted in the Pennsylvania litigation, in which Nader-Camejo did *not* prevail, in December 2004 that was approved by the Pennsylvania court on January 15, 2005 (*id.* ¶¶ 193–196)—

5

resulting in efforts by alleged co-conspirator Reed Smith to collect those costs, culminating in collateral litigation that remains pending (*id.* ¶¶ 204–205).

Defendant Raikin is not referenced in any of the "factual" allegations of the Amended Complaint. He is named, in conclusory fashion, only in the summary of theories in each of the legal counts. *See, e.g., id.* ¶ 244 (Count II) ("The DNC, The Ballot Project under direction of Defendant Raikin and the Kerry-Edwards Campaign coordinated with State Democratic Parties to hire or secure *pro bono* counsel to prosecute this litigation."); ¶ 249 (Count III) (similar); ¶ 255 (Count IV) (similar).

## ARGUMENT

## THE AMENDED COMPLAINT SHOULD BE DISMISSED

### I. The Federal Claims (Counts III and IV) Should Be Dismissed For Failure to Allege "State Action"

To state a claim under section 1983, a plaintiff "must demonstrate that the alleged deprivation of constitutional rights was committed by a person or entity acting under color of state law." *McManus v. District of Columbia*, 2007 U.S. Dist. LEXIS 94797, at *55 (D.D.C. Dec. 31, 2007) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Neither of the Defendants named in the Amended Complaint is an officer or employee of any state or municipal government or government agency or instrumentality. Rather, both are private parties. Similarly, all of the alleged non-defendant co-conspirators, too, are private parties, and so there is no allegation that private parties have conspired with state officials.

But a deprivation of federal statutory or constitutional rights may also be actionable under section 1983 if it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the state is responsible." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citations and quotations

omitted). The question, then, is whether an alleged constitutional injury to Plaintiffs caused by Defendants' and co-conspirators' exercise of state court processes suffices to establish "state action" because the alleged injury is caused by the private exercise of "some right or privilege created by the State." *Id.*

The answer is no. That a private party merely brings a state court action does not constitute state action. In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982), the Court made clear that the mere "private misuse of a state statute does not describe conduct that can be attributed to the State." Thus the plaintiff in that case did *not* state a claim under section 1983 by alleging that the defendants had abused a state legal procedure and acted unlawfully under state law. "That respondents invoked the statute without the grounds to do so could in no way be attributed to a state rule or state decision. Count two, therefore, does not state a cause of action under § 1983 but challenges only private action." *Id.* at 940. Although the Court held that a facial due-process challenge to a state procedure was cognizable under section 1983, the Court emphasized that "we do not hold today that 'a private party's mere invocation of [otherwise constitutional] state legal procedures constitutes "joint participation" or "conspiracy" with state officials satisfying the § 1983 requirement of action under color of law.'" *Id.* at 939 n.21; *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) ("It is well established that mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983.").

The only allegations of state action in Counts III and IV consist of the assertions that Defendants and co-conspirators used court processes to violate Plaintiffs' constitutional rights.

7

*See* Am. Compl. ¶¶ 247, 253.  While there is also a boilerplate assertion that "Defendants engaged in state action and acted under color of state law and acted jointly and in concert with individuals who acted under color of state authority," *id.* ¶¶ 250, 256, none of the named entities referenced in either Count is a state actor, *see id.* ¶¶ 249, 255.  Accordingly, the mere private use (even misuse) of state legal processes by private actors acting individually or in concert does not suffice to establish state action.  Counts III and IV should be dismissed.

### B. The Federal Claims Should Be Dismissed as Time-Barred

In the federal courts in the District of Columbia, the rule is that the statute of limitations of the forum state ordinarily applies.  *See, e.g.*, *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995) ("Looking to the D.C. choice-of-law rules, we see that they treat statutes of limitations as procedural, and therefore almost always mandate application of the District's own statute of limitations.") (citing *Namerdy v. Generalcar*, 217 A.2d 109, 113 (D.C. App. 1966)); *see also Rendall-Speranza v. Nassim*, 942 F. Supp. 621 (D.D.C. 1996) (statute of limitations governing common law tort claims is determined by the applicable law of the forum), *rev'd on other grounds*, 107 F.3d 913 (D.C. Cir. 1997); *Bell v. Kelly Motor Lines, Inc.*, 95 F. Supp. 682 (D.D.C. 1951) (D.C. limitation period applied to Virginia common law personal injury action).

The statute of limitations for section 1983 claims in the District of Columbia is three years.  The federal claim under section 1983 does not have its own statute of limitations, and instead borrows from an analogous cause of action for personal injury under D.C. law.  *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577 n.1 (D.C. Cir. 1998).  The D.C. courts have held that the three-year residual statute of limitations found in D.C. Code § 12-301(8) applies to

actions brought under section 1983. *Id.*; *see also Turner v. District of Columbia*, 383 F. Supp. 2d 157, 168 (D.D.C. 2005).

The 42 U.S.C. § 1983 claims asserted in the Amended Complaint are time-barred because they are based on constitutional violations of the right to appear on ballots and to vote for Plaintiffs Nader and Camejo. With the arguable exception of the certain very limited allegations relating to the Pennsylvania litigation and the five FEC complaints (none of which implicate Defendant Raikin in any way), all of the ballot access litigation and any other election related activity concluded by October 2004, more than three years before this Complaint was filed, and thus the claims arising therefrom are time-barred. Even if such litigation could have resulted in constitutional injury (and it could not, because only *successful* litigation resulted in Nader and Camejo failing to appear on certain states' ballots), all such litigation was concluded before October 30, 2004, and thus the federal section 1983 claims in the Amended Complaint should be dismissed.

The Amended Complaint describes two situations that occurred within the 3-year statute of limitations, but neither is related to an alleged 42 U.S.C. § 1983 constitutional violation. First, Amended Complaint ¶¶ 193 – 207 describes litigation over court imposed court costs. Neither Mr. McAuliffe nor Mr. Raikin is not alleged to be involved in that litigation. Moreover, whether those costs were appropriately awarded has nothing to do with ballot access or any other constitutional rights invoked by the Plaintiffs in the Complaint. See Docket No. 44-2 (alleging fraud and judicial misconduct). And inasmuch as Plaintiffs seek by this action review and rejection of a Pennsylvania state court judgment awarding costs that post-dated the 2004 election, their claims are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005).

9

Second, Amended Complaint ¶ 229 alleges that an alleged co-conspirator filed three administrative complaints with the Federal Election Commission ("FEC"). But the mere filing of FEC complaints, which were ultimately dismissed, did not in any way result in any alleged constitutional injury and thus cannot constitute a violation of 42 U.S.C. § 1983. In any case, Mr. McAuliffe and Mr. Raikin are not alleged to be involved in the filing of the administrative complaints.

### C.   Count III Should Be Dismissed for Failure to Plead Conspiracy with Requisite Particularity

Plaintiffs' federal conspiracy claim should be dismissed because it has been pled in only the most conclusory way. Plaintiffs have simply named as co-conspirators anyone and everyone who played a role in challenging Nader-Camejo's ballot access in 2004, including independent expenditure groups that were required by law to act independently from and without coordination with the national and state parties. Because all co-conspirators allegedly shared the goal of assisting in a Kerry-Edwards or Democratic victory in 2004, Plaintiffs claim they conspired to bring unfounded, baseless lawsuits—many of which succeeded on the merits. Yet they plead none of the specific facts from which one might plausibly infer the existence of an agreement rather than mere common purpose.

In the absence of more specific allegations, the conspiracy claim cannot stand. It is not enough merely to state that a conspiracy took place. "Rather, a cause of action for civil conspiracy must allege the formation and operation of the conspiracy, wrongful acts done in furtherance of the common scheme, and damages suffered as a result." *Higgs v. Higgs*, 472 A.2d 875, 877 (D.C. 1984) (citations omitted); *see also Weishapl v. Sowers*, 771 A.2d 1014, 1023–24 (D.C. 2001). The plaintiffs must plead facts to establish the existence of a specific agreement between the defendants. *See Cadet v. Draper & Goldberg*, Civ. No. 05–2105 (JDB), 2007 WL

2893418, at *14 (D.D.C. Sept. 28, 2007). Where, as here, there are only vague and conclusory allegations of a conspiracy, the claim must fail. *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000) (explaining that conclusory statements in a complaint concerning conspiracy that were devoid of "specific facts to support [the] assertions . . . of an agreement" are insufficient to support civil conspiracy claim); *see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) (requiring detailed allegations of facts supporting existence of agreement or conspiracy in order to withstand motion to dismiss).

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Amended Complaint should be granted.

Dated: April 4, 2008

Respectfully submitted,

_____/S/_____
Lawrence Noble
D.C. Bar No. 244434
Warren T. Allen, II
D.C. Bar No. 976018
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7000

Preeta D. Bansal
D.C. Bar No. 431195
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10036-6522
(212) 735-3000

*Counsel for Defendant Steven Raikin*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 4, 2008, copies of the foregoing Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss were filed electronically. Notice of these filings will be sent to all parties by operation of the Court's electronic filing system. Parties may access these filings through the Court's CM/ECF system.

            /S/
          Lawrence M. Noble
          D.C. Bar No. 244434
          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
          1440 New York Avenue, N.W.
          Washington, D.C. 20005-2111
          (202) 371-7000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH NADER, *et al.*, )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>TERRY MCAULIFFE, *et al.*, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 08–0428 (RMU) |

**[PROPOSED] ORDER GRANTING**
**DEFENDANT STEVEN RAIKIN'S RENEWED MOTION**
**TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Having considered the Motion to Dismiss the Amended Complaint filed by Defendant Steven Raikin, along with the papers filed in support of and in opposition to that motion, the Court finds that the Amended Complaint fails to state a claim on which relief can be granted, and that Plaintiffs are unable to cure these defects by amendment.

Therefore, the Court hereby GRANTS Defendant's Motion to Dismiss the Amended Complaint without leave to amend; and it is further ORDERED, ADJUDGED and DECREED the Complaint be and the same is hereby DISMISSED with PREJUDICE as to Defendant Steven Raikin and that, there being no reason for delay, said judgment be entered immediately pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: _____, 2008          _____
                                                        RICARDO M. URBINA
                                                        UNITED STATES DISTRICT JUDGE