UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH NADER, *et al.*,            ) | |
| ) | |
| Plaintiffs,            ) | |
| ) | |
| v.            ) | Civil Action No. 08–0428 (RMU) |
| ) | |
| TERRY MCAULIFFE, *et al.*,            ) | |
| ) | |
| Defendants.            ) | |
| ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF DEFENDANT STEVEN RAIKIN'S
RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Steve Raikin respectfully submits this Reply Memorandum of Points and Authorities in further support of his renewed motion to dismiss Plaintiffs' Amended Complaint. Insofar as Plaintiffs incorporate by reference their opposition memorandum in *Nader v. Democratic National Committee*, 1:07-cv-02136-RMU (the "7-2136 action"), to oppose the arguments concerning statute of limitations and failure to allege conspiracy with sufficient particularity contained in Defendant Raikin's motion to dismiss, Defendant Raikin also incorporates by reference herein his reply memorandum in the 7-2136 action.

Plaintiffs' federal claims alleging section 1983 violations and conspiracy to violate section 1983, in addition to being time-barred under the applicable three-year statute of limitations, must be dismissed for failure to state a claim. Plaintiffs do not allege any actual, wrongful deprivation of constitutional rights, name any state officials as defendants or as non-defendant co-conspirators, or allege any conduct constituting "state action" by private parties. Try as they might now to assert as legal argument that the alleged deprivation of constitutional

rights occurred "by the joint participation of state officials in several states" (Plaintiffs' Response in Opposition to Defendants' Motion To Dismiss ("Pl. Resp.") at 13), the fact remains that in order to avoid the bars of qualified and absolute immunity, they named as defendants – and alleged as unnamed co-conspirators – only private parties, and fail to allege how the conduct of those private parties can be attributed to the state. Under these circumstances, they cannot maintain their federal claims.

### 1.     *Plaintiffs Fail to Allege Wrongful Deprivation of Constitutional Rights.*

Plaintiffs' state action claims must be dismissed for the simple reason that they have failed to allege constitutional injury. The constitutional rights they now assert – "the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively" (Pl. Resp. at 7 (quoting *Anderson v. Celebreeze*, 460 U.S. 780, 787 (1983) (internal quotation omitted)) – could have been deprived only in states where Nader-Camejo were *not included* on the general election ballot – i.e., in states where the ballot access challenges were successful. In those states, federal or states courts already have determined that there was no wrongful deprivation of constitutional rights in refusing to allow Nader-Camejo to appear on the ballot.

In all other states – in which Plaintiffs allege that Defendants conspired with others to keep them off the ballots through meritless and unsuccessful litigation in order to prevent voters from casting their votes effectively – Nader and Camejo did appear on the ballot, and thus neither their nor voters' constitutional rights could have been deprived.

Plaintiffs seem to suggest in their opposition that mere conspiracy to interfere with lawful exercise of constitutional rights is actionable under section 1983. (Pl. Resp. at 8.) But the case law is clear that a plaintiff complaining of conspiracy under section 1983 cannot succeed simply

by proving an unlawful agreement and an overt act. He must instead prove that "the conspiracy resulted in [a] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996), *cited with approval*, *Austin v. Dist. of Columbia*, 2007 U.S. Dist. LEXIS 34793 at *38 (D.D.C. May 11, 2007). Plaintiffs' own cited case on this point supports Defendants' argument. *See Makenta v. Affiliated Computer Servs.*, 2007 U.S. Dist. LEXIS 70855 (D.D.C. 2007) ("in order to demonstrate state action, '"the deprivation must be caused by the exercise of some right or privilege created by the State . . . "'") (quoting *West v. Atkins*, 487 U.S. 42 (1998), and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).

   2. ***Plaintiffs Fail To Allege State Action.***

Plaintiffs' responses to Defendant Raikin's arguments concerning the absence of state action are entirely unavailing. Plaintiffs now attempt to implicate the state in the asserted conspiracy through three strategems: they argue (1) that "the arm of the State extended from Pennsylvania all the way to the District of Columbia" (Pl. Resp. at 2) in connection with Reed Smith's collection efforts of unpaid court costs; (2) that the joint participation of state officials in several states in helping to carry out acts in furtherance of defendants' conspiracy implicates the state; and (3) that the Democratic Party is a state actor because it performs a public function in the electoral arena in connection with nominating contests. But none of these arguments withstands scrutiny.

First, the asserted actions of Reed Smith and various state officials in attempting to collect court costs after 2004 (and continuing to the present day) for *successful* litigation in Pennsylvania cannot be alleged to be part of the same section 1983 conspiracy in 2004 to deprive *voters* and the candidates of their constitutional rights by impacting the 2004 election. Their actions accordingly cannot be attributed to other defendants, including to Defendant Raikin. *See*

3

*Austin v. Dist. of Columbia,* 2007 U.S. Dist. LEXIS 34793 at *38-*39 (D.D.C. May 11, 2007) ("the plaintiff must supply 'specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective,' and this evidence must 'reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan'") (quotation omitted).  Moreover, for all the reasons stated in Defendant Raikin's memorandum in support of his motion to dismiss, Plaintiffs' allegations concerning such collection efforts by Reed Smith amount to little more than a collateral attack upon a state court judgment which is barred under the *Rooker-Feldman* doctrine.

Second, Plaintiffs' allegations concerning the "joint participation of state officials in several states" (Pl. Resp. at 13) imply do not suffice to establish state action.  Plaintiffs' own cited case (Pl. Resp. at 8) is directly on point.  In *Makenta v. Affiliated Computer Servs.*, 2007 U.S. Dist. LEXIS 70855 (D.D.C. 2007), this Court dismissed a section 1983 claim brought against private individuals, holding that section 1983 claims against private citizens have been allowed to proceed only where the private parties have been alleged to have conspired with state officials.  Here, as in *Makenta*, there is no allegation of conspiracy between the private actors and the "state officials in several states."  There are only vague statements, in passing, that state officials acted upon or in connection with Defendants' and their private co-conspirators' actions.  Nor are state actors named as defendants in this action, and thus Plaintiffs' citation to *West v. Atkins*, 487 U.S. 42, 49 (1988), is inapposite.  *See* Pl. Resp. at 13 (quoting *West*, 487 U.S. at 49 ("[S]tate employment is generally sufficient to render *the defendant* a state actor") (emphasis added)).

Finally, Plaintiffs' alternative theory of "state action" – that the state and local Democratic Parties were somehow acting in the state's stead – is similarly misplaced.  Whether

or not a party organization may be exercising "delegated state power" through the primary election or convention process because state law allows it to "certif[y] its nominee for automatic placement on [a state's] general election a ballot," *Morse v. Republican Party of Virginia*, 517 U.S. 186, 195 (1996), there is no legitimate argument that a party exercises "delegated state power" when it chooses to act as, or support, a private plaintiff in ballot access challenges against a potential *general election* candidate.  As the United States Supreme Court recently reiterated, a political party's rights as a private association may be "circumscribed . . . when the State gives the party a role in the election process" by statute. *New York State Bd. of Elections v. Lopez Torres*, 128 S. Ct. 791, 797 (2008).  But, even then, the Court held that a political party's actions in such circumstances are not in *all instances and all capacities* imbued with state action.

Here, there is no possible suggestion that the states have given the state or local political parties a significant or unique statutory role with respect to initiating ballot access challenges against general election candidates, and so the inquiry is not even triggered as to whether particular acts by the party may be imbued with state action.  Nor is there any suggestion that the political parties have been "delegated state power" with respect to such challenges.

Plaintiffs seek to oppose the motions to dismiss by putting forth confusing legal positions and allegations in an attempt to muddy the waters enough to move forward.  Here, however, the case law is clear and the Court is presented with clean legal questions.  Plaintiffs have failed to allege "state action."  A private actor simply cannot be held liable under section 1983 unless "the claimed deprivation has resulted from the exercise of a right or privilege *having its source in state authority*" **and** the private actor can be "appropriately characterized as [a] 'state actor[].'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) (emphasis added).  Neither showing has been made here with respect to any of the alleged co-conspirators.  The Amended Complaint

does not identify state law or state processes that Defendants or alleged co-conspirators are supposed to have acted pursuant to (rather than in violation of) in depriving Plaintiffs of any constitutional right, nor do they identify facts that might support a conclusion that the Defendants or alleged co-conspirators had a "sufficiently close nexus" with the state such that the private action "'may be fairly treated as that of the State itself,'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) (*quoting Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982)), because the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* (citations omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Id.* (citations omitted).

## CONCLUSION

The motion to dismiss the Amended Complaint should be granted.

Dated: April 28, 2008                                    Respectfully submitted,

                                                          /S/
                                                          Lawrence Noble
                                                          D.C. Bar No. 244434
                                                          Warren T. Allen, II
                                                          D.C. Bar No. 976018
                                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                                          1440 New York Avenue, N.W.
                                                          Washington, DC  20005-2111
                                                          (202) 371-7000

                                                          Preeta D. Bansal
                                                          D.C. Bar No. 431195
                                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                                                          Four Times Square
                                                          New York, NY  10036-6522
                                                          (212) 735-3000

                                                          *Counsel for Defendant Steven Raikin*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2008, copies of the foregoing Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss were filed electronically.  Notice of these filings will be sent to all parties by operation of the Court's electronic filing system.  Parties may access these filings through the Court's CM/ECF system.

                                              /S/
                                  Lawrence M. Noble
                                  D.C. Bar No. 244434
                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                  1440 New York Avenue, N.W.
                                  Washington, D.C. 20005-2111
                                  (202) 371-7000